O

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 09-1805-VAP (SHx)                                 Date:  November 20, 2009

Title:   WILLIAM M. FUENTES AND NORA O. FUENTES -v- BANK OF AMERICA CORPORATION, N.A., a Delaware Corporation; PRLAP, INC., a North Carolina Corporation and does 1 THROUGH 50, inclusive
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:       MINUTE ORDER: GRANTING MOTION TO DISMISS WITHOUT PREJUDICE (IN CHAMBERS)
[Link & Term Doc. No. 8]

      The Court has received and considered all papers filed in support of the Motion to Dismiss ("Motion") filed by Defendants Bank of America, N.A. and PRLAP, Inc. ("Defendants").  Defendants' Motion is appropriate for resolution without a hearing.  <u>See</u> Fed. R. Civ. P. 78; Local R. 7-15.

      Defendant filed its Motion on October 1, 2009 to be heard on November 9, 2009.  On November 4, 2009, the Court vacated the hearing and took the Motion under submission.  Under Local Rule 7-9, a party must file opposition papers no later than 14 days before the date designated for the hearing of the motion.

EDCV 09-01799-VAP (SSx)
GLORIA PEREZ v COUNTRYWIDE HOME LOANS, INC., et al.
MINUTE ORDER of November 20, 2009

Plaintiffs William M. Fuentes and Nora O. Fuentes ("Plaintiffs") are represented by counsel.  Plaintiffs filed no timely opposition.  Under Local Rule 7-12, the Court finds Plaintiffs have consented to granting the Motion.  Plaintiffs' claim against Defendants is dismissed without prejudice.

Here, Plaintiffs' counsel, Gary Lane ("Lane") has filed a complaint that alleges, inter alia, the following: "Plaintiffs are informed and believe. . . that the original lender HFD[1] . . . ha[s] engaged in deceptive loan practices with respect to Plaintiffs, in knowing violation of the Home Ownership and Equity Protection Act ('HOEPA'), 15 U.S.C., Section 1637, and the Truth in Lending Action [sic] ('TILA'), 15 U.S.C. Section 1601–1667f and Federal Reserve, Regulation-Z, 12 CFR 226.23(a)(3), and the Federal Trade Commission Act ('FTC'), 15 U.S.C. Sections 41–58."  (Compl. ¶ 29.)  Plaintiffs allege no facts in support of these claims, however.  Indeed, Plaintiffs admit that "[t]he full details of these violations are presently unknown to Plaintiffs," and asserts that "when these facts are ascertained through discovery and investigation, this complaint will be amended with leave of court to allege those facts."  Id.

In other words, Plaintiffs admit they have no factual basis whatsoever for these claims.  The Court thus considers whether Rule 11 sanctions are appropriate.

A.  **Legal Standard**

A district court may enter sanctions under its inherent power if the court "specifically finds bad faith or conduct tantamount to bad faith."  B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108 (9th Cir. 2001); see Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2009).  The Court may sanction for any amount necessary to vindicate the authority of the Court or to deter misconduct.  B.K.B., 276 F.3d at 1108–09 (courts should impose a remedy based on "its assessment of the actual harm incurred" by the aggrieved party); Fink, 239 F.3d at 991.

---

[1]It is unclear to what party, if any, "HFD" is intended to refer.

EDCV 09-01799-VAP (SSx)
GLORIA PEREZ v COUNTRYWIDE HOME LOANS, INC., et al.
MINUTE ORDER of November 20, 2009

An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court "claims, defenses, and other legal contentions ... [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]"  Holgate v. Baldwin, 425 F.3d 671, 676–77 (9th Cir. 2005), citing Fed. R. Civ. P. 11(b)(2). When, as here, the "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine: (1) whether the complaint is legally or factually baseless from an objective perspective; and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it."  Id., citing Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations and citation omitted).  As shorthand for this test, courts use the word "frivolous" to "denote a filing that is both baseless and made without a reasonable and competent inquiry."  Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.), 78 F.3d 431, 434 (9th Cir. 1996).

**B.   Discussion**
   **1.   Adequate Legal Basis**
As discussed above, the Complaint alleges violations of HOEPA, TILA, and the FTCA, yet Plaintiff concedes that she lacks a basis in fact for these claims.

The Ninth Circuit has held that the "mere existence of one non-frivolous claim" in a complaint does not immunize it from Rule 11 sanctions.  Holgate, 425 F.3d at 676, citing Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1364 (9th Cir. 1990).  Accordingly, because the Court concludes Plaintiffs' federal claims lacked legal merit, it need not assess the legal support for Plaintiffs' state law claims.

   **2.   Reasonable Inquiry**
The reasonable inquiry test asks whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded.  Christian, 286 F.3d at 1127.  Lane admits that he has not conducted an inquiry into the factual basis for these claims before filing the Complaint.  (Compl. ¶ 19) ("The full details of these violations are presently unknown to Plaintiff, however when these facts are ascertained through discovery and investigation . . .").  Rule 11 requires counsel to conduct an adequate inquiry prior to

EDCV 09-1805-VAP (SHx)
WILLIAM M. FUENTES AND NORA O. FUENTES v BANK OF AMERICA CORPORATION, N.A., et al.
MINUTE ORDER of November 20, 2009

filing a complaint; a post-filing investigation cannot remedy this failure.

### 3. Amount of Sanctions

"Because of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). However, "'[a] primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." B.K.B., 276 F.3d at 1108 (quoting Chambers, 501 U.S. at 44–45).

The Court notes that the offending language in the Complaint is substantially identical to the language contained in a complaint in another action filed by Lane in which the Court has recently ordered Lane to show cause why he should not be sanctioned for identical misconduct, Perez v. Countrywide Home Loans, Inc., Case No. EDCV09-1799-VAP (SSx).  Lane therefore has been on notice since November 13, 2009 that the language appearing at paragraph 29 of the Complaint violates Rule 11, yet he has not withdrawn the Complaint.  The Court may sanction for any amount necessary to deter misconduct.  B.K.B., 276 F.3d at 1108–09.  Lane is hereby ordered to show cause in writing, no later than December 5, 2009, (1) why Rule 11 sanctions should not be imposed on him, in the amount of $2,000, (2) why he should not be ordered to refund the fees, retainers, or other advances paid by his client for the prosecution of this case, and (3) why he should not be ordered to pay the costs or fees incurred by Defendant to date in defending this action.

**IT IS SO ORDERED.**